FRANKLIN v. KIRKPATRICK

[No. 27,530. Filed April 9, 1941.]

*Herman L. Ridenour*, of Indianapolis, and *Edgar M. Blessing*, of Danville, for appellant.

*Otis E. Gulley*, of Danville, for appellee.

FANSLER, J.—The appellant began this action seeking damages for injury resulting from an automobile collision. When the plaintiff's evidence was in, the court directed a verdict for the defendant. This action is the only error assigned.

It appears from the evidence that James Mobley, while seeking to turn his car about on a paved highway, backed off of the berm, and that the car slipped and was overturned in the ditch at the side of the road. Mr. Mobley testified that he went to the defendant's garage and informed the defendant that his car was in the ditch and that he wanted to get some one to pull it out. A man, other than the defendant, got out a wreck car, and Mr. Mobley went with him in the wreck car to the point on the road where his car was in the ditch. There is no direct evidence that the defendant owned or controlled the wreck car. If he did in fact own it, it would seem that

there should have been no difficulty in proving the fact. The only evidence on the subject is indirect, vague, and uncertain. But we need not decide whether it is sufficient to support an inference that the defendant was responsible for the operation of the wreck car, since there is a fatal deficiency in the evidence upon another point. When Mobley and the driver of the wreck car reached the place in the road where Mobley's car was in the ditch, they first straightened the car up, and then Mobley stood on the running-board to balance the car in an upright position. The driver of the wreck car attached a line to the front of the car and pulled it up on the road, with its left wheels on the pavement, about one foot from the north edge, and the other wheels on the berm. The wreck car was then unhooked from the Mobley car and the driver took it to a side road to help the driver of some other car, leaving Mr. Mobley with his car. As far as the evidence shows, this completed the arrangement between the wreck car and Mr. Mobley, and he was left in possession of his car at the side of the road. Shortly thereafter the wreck car returned and parked at the side of the road, about twenty feet in front of Mr. Mobley's car. There is no evidence as to why the wreck car was parked there, or that any other assistance to Mr. Mobley was contemplated or expected, or that the operator of the wreck car was exercising any control over, or anticipating any control over, the Mobley car. While they were thus parked, and Mr. Mobley was standing beside his car, the plaintiff drove his car down the road and ran into the rear of Mr. Mobley's car, thus sustaining the injury for which he seeks damages.

The burden was upon the plaintiff to show that the defendant was exercising some control over, or that he was responsible for, Mr. Mobley's car and its position

on the highway at the time of the accident. It must be assumed that the trial judge found no evidence to sustain this burden. There is no evidence that the Mobley car was disabled, or unable to operate under its own power, at the time of the collision, or that the driver of the wreck car was exercising control over it at the time of the collision. It is true that in the collision the Mobley car was wrecked, and that thereafter the wreck car towed it in to the garage, but, so far as the evidence discloses, this could have been a new transaction arising out of the wreck.

It cannot be said that the trial court abused its discretion in taking the case from the jury.

Judgment affirmed.

NOTE.—Reported in 33 N. E. (2d) 111.